IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LANCE THOMAS RAY SHOCKLEE     PLAINTIFF

v.     Civil No. 1:22-CV-01068-SOH-BAB

LEAH ROSE, Assistant Jail Administrator;
DEPUTY HENDERSON; CORRECTIONAL OFFICER MOSELY;
GEAN SIEGER, Jail Administrator; and DR. ELKINS,     DEFENDANTS.

## ORDER

*Pro se* Plaintiff Lance Thomas Ray Shocklee, a pre-trial detainee at the Columbia County Detention Center (CCDC), filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). The Court previously granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), (EFC No. 3), submitted a Report and Recommendation after reviewing the Complaint pursuant to 28 U.S.C. § 1915A(a), (ECF No. 6), and issued an order on service, (ECF No. 7). This matter is currently before the Court on Plaintiff's Motion to Supplement Complaint. (ECF No. 9). For all the reasons outlined below, Plaintiff's motion is denied.

## BACKGROUND

Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983, generally alleging that on or about October 30, 2022, Defendants Leah Rose, "John Doe" Mosely, and Henderson used excessive force in firing an unknown quantity of mace pellets into his housing unit at the CCDC. (ECF No. 1). Plaintiff subsequently filed a document entitled "Supplementing the Complaint," in which he alleges that after he filed the original 1983 complaint form, Correctional Officer Jesse Guise handed him a package containing legal mail from the United States District Court that had

1

been opened outside of his presence. (ECF No. 9). According to Plaintiff, the package contained copies of the "1983 original complaint" but the documents were not in the correct order. *Id.* Plaintiff claims that he has filed a grievance about this incident, thereby making the facility aware of what happened. *Id.* Plaintiff believes his legal mail is being opened to impede this litigation. *Id.*

## LEGAL STANDARD

This Court views Plaintiff's correspondence as a motion to supplement the original complaint. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "A supplemental pleading . . . is designed to cover matters subsequently occurring but pertaining to the original cause." *United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977). The decision whether to grant leave to supplement a pleading is within the sound discretion of the trial court. *See Minnesota Mining & Manufacturing, Co. v. Superior Insulating Tape Co.*, 284 F.2d 478, 481 (8th Cir. 1960).

## ANALYSIS

Plaintiff's supplemental pleading does not relate to the claims alleged in his original complaint. Whereas the factual predicate to the Complaint concerns the defendants' purported use of excessive force, (ECF No. 1), Plaintiff's Motion to Supplement the Complaint concerns allegations that Correctional Officer Jesse Guise—who is not named as a defendant in the original complaint—interfered with his legal mail in violation of his constitutional rights. (ECF No. 9). Because the claims bear no resemblance to each other, it is inappropriate to allow Plaintiff to

2

supplement the original complaint with these claims. *See, e.g.*, *Braun v. Walz*, Civil No: 20-0333 (DSD/BRT), 2021 WL 4813298, at * 2 (D. Minn. August 9, 2021) (denying motion to supplement proceeding under Rule 15(d) finding that claims of retaliation over the filing of the original complaint arise from a separate body of facts) (citing *Dockery v. Wetzel*, Civil No. 3:CV-11-1368, 2013 WL 664931, at * 3 (M.D. Penn. Feb. 22, 2013) ("Although Plaintiff alleges retaliation for filing the instant action, the claims arise from a completely separate body of facts.")). Plaintiff's request to supplement the complaint, (ECF No. 9), is therefore denied.[1]

## CONCLUSION

For the reasons outlined above, the Court hereby orders that Plaintiff's Motion to Supplement the Complaint (ECF No. 9) is **DENIED**.

IT IS SO ORDERED.

DATED this 16th day of February 2023.

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1] This Court takes no position on the potential merits of such a claim, it merely finds that Rule 15(d) of the Federal Rules of Civil Procedure bars Plaintiff from supplementing his original complaint with this claim.